O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSICA ANN TRUJILLO, | ) | CASE NO. ED CV 10-00153 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This case primarily raises a question of Plaintiff's credibility. The Administrative Law Judge found that Plaintiff had impairments relating to low back problems, as well as chronic pain that, he said, might have been due to fibromyalgia, as well as stress fractures and spurs in her heels. [AR 13] He found that Plaintiff could sit for eight hours [AR 15] — the medical expert had so testified [AR 56] — and therefore could perform her past relevant work of being a receptionist. [AR 22] Plaintiff, however, asserted that she could not sit for that long; in fact, she testified that her pain prevented her from sitting for any appreciable length of time. [AR 61] If Plaintiff is believed, then the Administrative Law Judge erred.

As has long been held, pain is an idiosyncratic phenomenon, and is incapable of measurement with any precision. Pain alone does not entitle a person to receive disability benefits, however. 42 U.S.C.§ 423(d)(5)(A). Rather, the pain must be tethered

to an impairment for which there is medical evidence.  If it is, and if the impairment reasonably can be expected to produce the pain, then the Administrative Law Judge can determine not to believe a claimant only if there is affirmative evidence of malingering, or if he gives specific and legitimate reasons for his disbelief.  *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc* ); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996).  In assessing the credibility of a claimant, the Administrative Law Judge may use ordinary techniques for evaluating witnesses and their testimony, *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989), but he must specify the testimony that he disbelieves, and must explain why.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

Although the issue is close in this case, the Court concludes that the Administrative Law Judge did not comply with these rules.  To begin with, even though the Plaintiff's testimony as to her ability differed specifically with that of the medical expert, as indicated above, the Administrative Law Judge did not identify this specific testimony as worthy of disbelief.  Rather, he included only a general statement (largely boilerplate, found in most administrative denials) that "the claimant's allegations concerning the intensity, persistence and limiting effects of her symptoms are less than fully credible." [AR 17]  The particular allegations are not identified.

Moreover, assuming that the allegation at issue is the inability to sit for prolonged periods of time, the Administrative Law Judge also did not give sufficient reasons for disbelieving Plaintiff.  He said that her allegations were inconsistent with "objective medical evidence which indicates an attempt by the claimant to exaggerate the severity of her symptoms" [*id.*], but, while he recounted the medical evidence in the record [AR 18-21], he did not identify which medical evidence was "objective" and inconsistent with Plaintiff's testimony.  Even the medical expert, who had opined (presumably an opinion is not "objective" medical evidence) that Plaintiff could sit for eight hours, stated that pain was subjective, and that there was little correlation between the symptom of pain and what the MRI showed.  [AR 57; "Pain is a subjective complaint, and this is an

anatomical finding."] The medical expert also stated that Plaintiff's degenerative disc disease did not cause *physiological* problems [*id.*]; he did not state, however, that the objective evidence meant that Plaintiff had no pain, or had exaggerated her pain. In fact, the medical expert also testified that Plaintiff's complaints of pain would be consistent with a diagnosis of fibromyalgia. [AR 58] Thus, the opinion that Plaintiff could sit for eight hours did not take into account Plaintiff's pain, which the expert nevertheless appeared to acknowledge was real.

The vocational expert testified that, if the Plaintiff's testimony were accepted, and that she would be unable to complete a normal 8 hour work day because of pain, that she could not perform any of her past work. [AR 74] He also testified that there would be no unskilled jobs that she could perform. [AR 75] Thus, under these circumstances, it is appropriate to credit Plaintiff's statements as true. *Varney v. Secretary of Health and Human Services*, 859 F.2d. 1396 (9th Cir. 1988); *see Vasquez v. Astrue*, 576 F.3d 586, 593 (9th Cir. 2009). Accordingly, Plaintiff is entitled to receive benefits.

In accordance with the foregoing, the decision of the Commissioner is reversed, and the matter is remanded for an award of benefits.

IT IS SO ORDERED.

DATED: December 1, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE